UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Richard Lucibello,<br><br>    Plaintiff,<br><br>v.<br><br>Sunrise Credit Services, Inc.,<br><br>    Defendant. | Civil Action No.: _____ |

**COMPLAINT**

Plaintiff, Richard Lucibello, says by way of Complaint against Defendant, Sunrise Credit Services, Inc., as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. Plaintiff, Richard Lucibello (hereafter "Mr. Lucibello"), is an adult individual residing in Hawthorne, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Sunrise Credit Services, Inc. (hereafter "Defendant"), is a New York business entity with an address of 260 Airport Plaza Farmingdale, New York 11735, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7. Mr. Lucibello incurred a financial obligation that was primarily for family, personal or household purposes, which was a "debt" as defined by 15 U.S.C. § 1692a(5).

8. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Mr. Lucibello.

9. Defendant then made numerous attempts to collect the debt from Mr. Lucibello, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

10. Direct TV erroneously renewed Mr. Lucibello's contract.

11. Mr. Lucibello disputed the charge, and the charge was reversed.

12. Afterwards, Direct TV sold the erroneous debt to the Defendant.

13. Defendant contacted Mr. Lucibello to collect the debt

14. Defendant threatened to injure Mr. Lucibello's credit rating by reporting false information.

15. Defendant was rude and abusive when speaking to Mr. Lucibello.

16. Mr. Lucibello requested Defendant verify the Debt.

17. Defendant failed to verify the Debt.

18. Mr. Lucibello has suffered actual damages including, but not limited to, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and unjustified and abusive invasions of personal privacy as a result of Defendant's illegal collection communications enumerated above.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

19. Mr. Lucibello incorporates by reference all of the allegations set forth above as if fully set forth herein.

20. Defendant used profane and abusive language when speaking with Mr. Lucibello, in violation of 15 U.S.C. § 1692d(2).

21. Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

22. Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

23. Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

24. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Mr. Lucibello is entitled to damages as a result of Defendant's violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. Mr. Lucibello incorporates by reference all of the allegations set forth above as if fully set forth herein.

28. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. New Jersey further recognizes Mr. Lucibello's right to be free from invasions of privacy. Thus, Defendant violated New Jersey state law.

30. Defendant's conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions enumerated above, Mr. Lucibello is entitled to actual damages from Defendant in an amount to be determined at trial.

32. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Mr. Lucibello is entitled to punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Lucibello prays that judgment be entered against Defendant awarding her:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Liquidated damages;
6. Punitive damages; and
7. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 07, 2010

Respectfully submitted,

By: /s/Jennifer Kurtz

Jennifer Kurtz, Esq.
Lemberg & Associates LLC
1100 Summer Street
Stamford, CT 06905
Phone: (732) 390-5262
Fax:    (203) 653-3424